BEFORE THE FIRST DIVISION, JANUARY 23, 1952

**No. 56291.**—Salvatore Roselli Memorials *v.* United States, petition 6779–R. (Pittsburgh).

Opinion by MOLLISON, J. It appeared from the record that the pieces in question were imported for installation in a cemetery in Connellsville, Pa., and that the petitioner had previously contracted for their execution or fabrication in Italy at a cost of $555. Prior to importation, at the request of the foreign shipper, petitioner had forwarded an advance payment of $150. When the invoice was received, instead of showing the total purchase price of the merchandise, it showed only the balance remaining to be paid, i. e., $405. Because of the fact that the petitioner believed the entire memorial to be entitled to free entry as original sculptures or statuary under paragraph 1807, Tariff Act of 1930, he did not examine the invoice when it was received but forwarded it to a customs broker with instructions to make entry in accordance therewith. The appraiser returned the value of the entire memorial at $555, and advisorily classified the same as dutiable as marble, wholly manufactured into monuments, at 25 percent ad valorem under paragraph 232 (d), as modified by the General Agreement on Tariffs and Trade (T. D. 51802). The court found that the undervaluation on entry was the result of a combination of the error on the part of the shipper in failing to indicate the entire cost of the shipment and the inexperience in customs matters of the petitioner. It was held that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE FIRST DIVISION, JANUARY 24, 1952

**No. 56292.**—Pan American Commercial Co. *v.* United States, protest 174503–K (San Francisco).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of pikake shells similar in all material respects to those the subject of Abstract 55389, the claim for free entry under paragraph 1738 was sustained.